NATIONAL LABOR RELATIONS BOARD, Applicant,

v.

MESKO GLASS COMPANY, Respondent.

Civ. No. 88-1304.

United States District Court, M.D. Pennsylvania.

Aug. 25, 1988.

Leonard Leventhal, Philadelphia, Pa., Carmen P. Cialino, Jr., N.L.R.B., Philadelphia, Pa., for applicant.

Robert Ufberg, Scranton, Pa., for respondent.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

This matter is before us on the application of the National Labor Relations Board

[NLRB] for an order requiring obedience to subpoenas issued under the powers provided for in the National Labor Relations Act, as amended, 29 U.S.C. § 161.

It is not necessary to relate the history of this proceeding other than to allude to pertinent events leading to the matter which brings this issue before the court. Accordingly, it appears that the NLRB scheduled a hearing before an administrative law judge on June 8, 1988. Prior to the scheduled hearing the board authorized a subpoena duces tecum to be issued requiring the production of voluminous records of the respondent Mesko Glass Company for the hearing. The June hearing was rescheduled for August 2, 1988. A second subpoena duces tecum was issued for additional records of the respondent to be produced on the scheduled hearing date.

Respondent made no effort to challenge the subpoenas. Respondent acknowledges that at the outset of the August 2, 1988 hearing Mesko voluntarily provided NLRB counsel access to the subpoenaed documents for inspection in connection with the hearing. Respondent further acknowledges that George Mesko, the company's principal, was present and ready to be called to testify and identify documents.

It appears that at the August 2nd hearing the law judge made a ruling which respondent's counsel represented would be appealed. After an off-the-record discussion the law judge noted this fact, and further indicated that the hearing could not continue into the next day. He indicated that NLRB counsel had to examine the very voluminous records produced by subpoena. The transcript of this event notes that NLRB counsel wanted the balance of August 2nd and part of the next day to examine the records, and then wished to proceed with the hearing the next afternoon. Regardless, the law judge tried to accommodate respondent's appeal as well as the document examination. He continued the hearing to Monday, August 8, 1988. Scheduling problems appear to have intervened, and the law judge sought a commitment from respondent's counsel that the records would continue to be made available to NLRB counsel the remaining part of the day and the next day. Respondent's counsel on hearing that the case would be then scheduled in September, offered to make the documents available two days before the next scheduled hearing. An alternative response to the law judge was respondent's effort at a quid pro quo, in that he wanted an earlier opportunity to examine statements of witnesses to be called by general counsel for the NLRB. This was rejected.

The law judge expressed that he thought the records should be produced for immediate examination. He directed that they be produced for examination as follows: "The documents are in the room now, give them to him so he can look at them. If you want somebody from your company to look over his shoulder while he is doing it, fine."

While both litigants in this case have filed legal authorities, none address the immediate issue before us. We do not perceive the issue to be, as this application would suggest, the enforcement of subpoenas. More immediate is the status of the response to the subpoenas on August 2, 1988. In this regard we conclude that Mesko responded to the subpoenas in producing the required records and making them available for examination. There is no question that one who responds to a subpoena duces tecum for a hearing or trial is not obliged to part with those records until called as a witness for response according to the subpoena. However, once produced, and made available for use, the right to exclusive possession or return of the records is diminished. It is not uncommon, as was done in this case, for the person subpoenaed to produce records without requiring that the individual be sworn as a witness to identify and present the records.

While an administrative law judge may serve with limited statutory authority or even in a quasi-judicial capacity, it would be error to doubt that some judicial authority does exist and that it can be exercised to direct whatever is reasonable under the particular circumstances of any case. The direction of the judge which we alluded to earlier was reasonable and in response to a

reasonable request of counsel for the NLRB. There was no attempt to copy records, and there was no direction to deprive Mesko of all control. Had the hearing been continued to the next day or the following week there would be no doubt about the law judge's authority to permit the requested examination of the records produced and voluntarily surrendered in response to the subpoenas. To dispute the reasonable exercise of the law judge's authority over the proceedings before him in the circumstances of this matter was both impertinent and contumacious.

### ORDER

NOW, this 25th day of August, 1988, it is hereby,

ORDERED, that the respondent Mesko Glass Company respond to the subpoenas in the manner directed by Administrative Law Judge Thomas A. Ricci in the unfair labor practice proceedings pending before the NLRB in cases 4–CA–16813, 4–CA–17287 and 4–CA–17413, and forthwith produce the records and documents referred to in the subpoenas to the representative of the General Counsel of the NLRB for inspection.

Further, this being a final determination in the application, the Clerk of Court is directed to close the case.